1   DAVID P. NEMECEK, JR. (State Bar No. 194402)
    david@fortress-law.com
2   THE FORTRESS LAW FIRM, INC.
    50 California Street, Suite 1500
3   San Francisco, CA 94111
    Telephone: (415) 277-5400
4   Facsimile: (415) 723-7370
    Attorneys for Plaintiff ABDULAZIZ AL MUNIFI
5

6

7                    UNITED STATES DISTRICT COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

                          WESTERN DIVISION
9

10
    ABDULAZIZ AL MUNIFI,                 Case No. 8:21-cv-01143 SPG (DFMx)
11
              Plaintiff,                 **PLAINTIFF ABDULAZIZ AL
12                                       MUNIFI'S STATUS CONFERENCE
        v.                               STATEMENT**
13
    SUHAD ABRAHAM AKA SUE                Date:        February 21, 2024
14  PRESTON AKA SUE ABRAHAM             Time:        3:00 p.m.
15  PRESTON, SAMIR ABRAHAM             Courtroom:   5C
    AKA SAM ABRAHAM,                    Judge:       Hon. Sherilyn Peace Garnett
16  S & S COASTAL FOODS, LLC, a
17  Delaware limited liability company  Trial Date:  March 12, 2024
    and REALTY ONE GROUP, INC., a       Action Filed: June 30, 2021
18  California corporation,
19            Defendants.
20

21

22

23

24

25

26

27

28

## I.     <u>INTRODUCTION</u>

Throughout the course of this litigation, Defendants Suhad and Samir Abraham have concealed evidence regarding the profits they made from their use of $4.4 million in cash and real estate assets they acquired form Plaintiff Abdulaziz al Munifi by means of fraud in violation of multiple discovery orders issued by this Court.  They have withdrawn at least $5.2 million in cash from Defendant S & S Coastal Foods ("SSCF"), a business they funded using Plaintiff's assets.  A private investigator retained by Plaintiff recently discovered that Samir Abraham has moved the bulk of his cash assets overseas to bank accounts located in the United Arab Emirates (a country where he once resided) and that SSCF's bank accounts may no longer be active.  And their counsel has repeatedly taken actions to delay the trial of this matter, first by reneging upon a stipulation to set the Final Pretrial Conference and the trial date and now by refusing to meaningfully participate in finalizing documents that must be filed in accordance with the Local Rules and this Court's Civil Pretrial Schedule and Trial Order.

A substantial delay in the trial of this matter would cause substantial prejudice to Plaintiff.  It would enable the Abraham Defendants to continue looting SSCF by ripping cash out of its accounts and moving those funds overseas to conceal them from Plaintiff in order make it substantially more difficult for Plaintiff to enforce any judgment he obtains in this matter.  Moreover, Plaintiff and two witnesses are traveling from overseas to Los Angeles to attend the trial of this matter.

Plaintiff respectfully requests that the Court order the Abraham Defendants to meet and confer with Plaintiff's counsel and finalize the documents that must be filed in advance of the trial of this matter no later than February 28, 2024.  Plaintiff further requests that the Court continue the Final Pretrial Conference to that same date.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   THE FRAUD PERPETRATED BY DEFENDANTS SUHAD AND SAMIR ABRAHAM UPON PLAINTIFF

Plaintiff's First Amended Complaint alleges that Defendants Suhad and Samir Abraham obtained $4.4 million in cash and real estate assets from him by means of fraud and used those assets to finance the acquisition of eleven Jack in the Box franchise restaurants that are now owned and operated by Defendant S & S Coastal Foods, LLC ("SSCF").[1]  Docket No. 77.  Evidence produce in discovery shows that at the time Suhad and Samir Abraham defrauded Plaintiff, they did not have the independent means to finance SSCF's acquisition of those Jack in the Box franchises, they did not meet the minimum net worth requirements imposed by Jack in the Box upon potential acquirers of its franchise restaurants and they did not seek funding or investment from anyone other than Plaintiff before they defrauded him in August 2017.  Docket No. 123-4 at 17.

### B.   THE ABRAHAM DEFENDANTS CONCEAL EVIDENCE REGARDING THE AMOUNT OF PROFIT THEY MADE USING PLAINTIFF'S ASSETS AND THEIR USE OF THOSE PROFITS IN VIOLATION OF COURT ORDERS

On July 15, 2021, Plaintiff obtained an order for expedited discovery concerning the Abraham Defendants' use and disposition of the funds they misappropriated from Plaintiff, the current whereabouts of those funds and the amount of profits Defendants made from the use of those funds.  Docket No. 21.  On February 28, 2022, this Court ordered Samir Abraham and SSCF to provide supplemental responses to Plaintiff's expedited discovery requests.  Docket No. 67.  Samir Abraham and SSCF did not comply with that order.  Docket No.

On March 29, 2022, this Court ordered SSCF to produce several categories of documents, including all statements for all bank accounts maintained by SSCF,

---

[1] Suhad Abraham, Samir Abraham and SSCF are collectively referred to herein as the "Abraham Defendants."

copies of all checks written on its bank accounts, documentation for all deposits made into those accounts and documentation for all credits on the accounts. Docket No. 71; Docket No. 110-1, ¶ 7, Exhibit E. SSCF has not complied with that order. Docket No. 126-2, ¶ 9, Exhibit G.

This Court held an Informal Discovery Conference in this matter on November 17, 2022. Docket No. 110-1, ¶ 8, Exhibit F. At the conclusion of the hearing, the Court ordered the Abraham Defendants to produce bank statements for SSCF that were not previously produced. *Id.* SSCF did not comply with that order. *Id.* at ¶ 12. SSCF has not produced statements for any of its bank accounts from December 2022 to the present. Docket No. 126-2, ¶ 9, Exhibit G.

In addition, SSCF was ordered on November 17, 2022 to produce an electronic version of its general ledger. Docket No. 110-1, ¶ 8, Exhibit F. SSCF produced an electronic version of its general ledger in Quickbooks format on March 30, 2023. Docket No. 102-2, ¶ 16. The data contained in the file is incomplete beginning in September 2022 through November 2022 and there is no data for the period from December 2022 to the present. *Id.*

SSCF is under a continuing obligation to supplement its discovery responses and its document production pursuant to Federal Rule of Civil Procedure 26(e)(1)(A). That obligation continues past the discovery cut-off. *L.A. Terminals, Inc. v. United National Insurance Co.*, 340 F.R.D. 390 (C.D. Cal. 2022). Plaintiff has repeatedly requested that SSCF comply with those obligations and this Court's orders, but SSCF has steadfastly refused to do so.

Plaintiff's expert Dennis Mandell conducted an accounting of SSCF's books and records that were produced in discovery. Docket No. 123-3. Mandell found that Suhad and Samir Abraham have withdrawn at least $5.2 million in cash from SSCF since it acquired the Jack in the Box franchise restaurants on July 31, 2019. Samir Abraham admitted that SSCF made a $300,000 "loan" to him that he has not

4

repaid to enable him to purchase a house in San Juan Capistrano.  Declaration of David P. Nemecek, Jr. ("Nemecek Decl."), ¶ 2, <u>Exhibit A</u> at 82:1-83:25.

On June 22, 2023, Plaintiff filed a Motion *in Limine* for Issue, Evidence and Adverse Inference Sanctions.  Docket No. 110.  By way of that motion, Plaintiff seeks an order: (1) for an instruction to the jury at the outset of trial that it is established that the Abraham Defendants profited from the use of Plaintiff's assets; (2) for an instruction to the jury at the outset of trial that the evidence that the Abraham Defendants were ordered to produce and failed to produce is harmful to their case; and (3) precluding the Abraham Defendants from introducing evidence or argument to rebut the accounting by Plaintiff's expert Dennis Mandell of the cash extractions by the Suhad Abraham and Samir Abraham from bank accounts maintained by SSCF.

## C.   <u>PLAINTIFF OBTAINS A NEW TRIAL DATE IN THIS MATTER AFTER THE ABRAHAM DEFENDANTS RENEGE UPON AN AGREEMENT TO STIPULATE TO THAT TRIAL DATE</u>

On November 29, 2022, this Court issued an Order Amending Scheduling Order to Continue Trial Date and Pre-Trial Dates for Good Cause.  Docket No. 97. The Court set the Final Pre-Trial Conference for this matter for July 19, 2023 and the trial date for August 8, 2023 by way of that order.  *Id.*

On July 12, 2023, this Court issued an order vacating the Final Pretrial Conference and the trial date.  Docket No. 120.  The Court ordered the parties to meet and confer and propose new dates for the Final Pretrial Conference and the trial.  *Id.*

On July 23, 2023, counsel for Plaintiff sent an email to counsel for the Abraham Defendants in which he requested that the Abraham Defendants stipulate to a new trial date of October 10, 2023 and a hearing date for the Final Pretrial Conference of September 20, 2023.  Docket No. 121-2, ¶ 5, <u>Exhibit A</u>.  On July 28,

5

2023, counsel for the Abraham Defendants advised that lead trial counsel was not available for trial on the date that was proposed.  *Id.* at ¶ 6, Exhibit A.

Counsel for Plaintiff then proposed dates for the trial in early November and January.  *Id.*  Counsel for the Abraham Defendants advised that his partner who would be serving as lead counsel had scheduling conflicts during those dates and "would be clear by March."  *Id.*

On August 15, 2023, Plaintiff and the Abraham Defendants participated in a full-day mediation before the Hon. Richard Kramer.  *Id.* at ¶ 7.  Plaintiff and the Abraham Defendants did not reach a settlement at the mediation.  *Id.*

On August 22, 2023, counsel for Plaintiff proposed to counsel for the Abraham Defendants that the parties agree to a trial date of March 12, 2024 and a hearing date for the Final Pretrial Conference of February 21, 2024.  *Id.* at ¶ 8, Exhibit A.  On August 23, 2023, counsel for the Abraham Defendants agreed to those dates.  *Id.*

On September 26, 2023, counsel for Plaintiff sent a stipulation to set the Final Pretrial Conference in this matter for February 21, 2024 and the trial date for this matter for March 12, 2024 to all counsel and requested that they approve the stipulation and authorize him to file it with their electronic signatures.  *Id.* at ¶ 9, Exhibit B.  On September 27, 2023, counsel for Realty One Group approved the stipulation.  *Id.* at ¶ 10, Exhibit C.

On September 28, 2023, counsel for Plaintiff once again requested that counsel for the Abraham Defendants approve the stipulation he sent.  *Id.* at ¶ 11, Exhibit D.  He never did so.  *Id.* at ¶ 11.

Plaintiff filed an *ex parte* application for an order setting the Final Pre-Trial Conference and the trial date on September 29, 2023.  Docket No. 121.  This Court granted that *ex parte* application on October 16, 2023.  Docket No. 122.

**D.    COUNSEL FOR THE ABRAHAM DEFENDANTS REFUSE TO MEANINGFULLY MEET AND CONFER REGARDING THE PARTIES' JOINT PRETRIAL FILINGS**

The Abraham Defendants have refused to provide meaningful edits to nearly all of the pretrial documents that counsel for Plaintiff drafted in this matter, many of which were sent over two weeks ago.  Plaintiff is still awaiting revisions from counsel for the Abraham Defendants to the following documents that must be filed in advance of the trial of this matter:

| Document | Date Sent | Status |
|---|---|---|
| Joint Proposed Jury Instructions | February 5, 2024 (Nemecek Decl., ¶ 3, Exhibit B) | Revised on February 19, 2024 but "subject to further review" (Nemecek Decl., ¶ 12, Exhibit K) |
| Joint Exhibit List | Sent February 5, 2024, minor revisions made on February 6, 2024 (Nemecek Decl., ¶ 4, Exhibit C) | Forty-eight new exhibits added by Abraham Defendants on February 7, 2024, no objections to Plaintiff's exhibits have been received, no response to Plaintiff's request for photographs that Abraham Defendants intend to offer at trial, revisions are "still in process" (Nemecek Decl., ¶¶ 5, 12 and 13, Exhibits |

PLAINTIFF'S STATUS CONFERENCE STATEMENT                    CASE NO. 8:21−CV−01143 SPG (DFMx)

| | | |
|---|---|---|
| | | D and K) |
| Proposed Joint Statement of the Case | Sent February 7, 2024 (Nemecek Decl., ¶ 5, Exhibit D) | Revisions made February 11, 2024, no response to minor additional revisions made by Plaintiff's counsel or request for authorization to file document on February 13, 2024 (Nemecek Decl., ¶¶ 9 and 11, Exhibits H and J) |
| Proposed Jury Verdict Form | Sent February 8, 2024 (Nemecek Decl., ¶ 7, Exhibit F) | Counsel would not agree to form, no competing form sent (Nemecek Decl., ¶ 8, Exhibit G) |
| Final Pretrial Conference Order | Sent February 12, 2024 (Nemecek Decl., ¶ 10, Exhibit I) | Document cannot be finalized or filed until joint trial exhibit list is filed |

### E.   PLAINTIFF DISCOVERS THAT DEFENDANT SAMIR ABRAHAM HAS MOVED MOST OF HIS CASH ASSETS OVERSEAS AND THAT SSCF'S BANK ACCOUNTS MAY NO LONGER BE ACTIVE

In November 2020, Plaintiff retained a private investigator to conduct an investigation concerning the fraud he believed that Suhad and Samir Abraham perpetrated upon him. Declaration of Nichols J. Smith, ¶ 6 ("Smith Decl."). The private investigator recently learned during the course of an investigation that Samir

8

Abraham recently transferred the bulk of his cash assets overseas to bank accounts located in the United Arab Emirates. *Id.* at ¶ 7.  Samir Abraham previously lived in Dubai.  Nemecek Decl., ¶ 2, <u>Exhibit A</u> at 12:5-10.

In addition, the private investigator learned that SSCF's bank accounts may be suspended.  Smith Decl., ¶ 8.  The investigation concerning SSCF's bank accounts is continuing.  *Id.*

## III.   <u>THE COURT SHOULD ORDER THE ABRAHAM DEFENDANTS TO MEET AND CONFER REGARDING THE REMAINING PRETRIAL DOCUMENTS THAT MUST BE FILED AND CONTINUE THE FINAL PRETRIAL CONFERENCE BY ONE WEEK</u>

The delays by the Abraham Defendants are part and parcel of their ongoing efforts to buy more time to continue looting SSCF and avoid a trial of this matter on the merits.  Plaintiff respectfully requests that the Court order counsel for the Abraham Defendants to meet and confer regarding the remaining pretrial documents that must be filed and finalize those documents by February 28, 2024. Plaintiff further requests that the Court continue the Final Pretrial Conference to that same day.

Dated:  February 20, 2024          THE FORTRESS LAW FIRM, INC.

By:          /s/ David P. Nemecek, Jr.

DAVID P. NEMECEK, JR.
Attorneys for Plaintiff ABDULAZIZ AL MUNIFI